UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMMY L. CASEY-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05 CV 97 LMB |
| ) | |
| MICHAEL COLEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the court on the Complaint of Plaintiff Sammy L. Casey-El on his civil rights action pursuant to 42 U.S.C. § 1983 against defendants Michael Coleman, et al. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636 (c). Several motions are currently pending before the court. Plaintiff has filed a Motion for Appointment of Counsel (Doc. No. 11), Motion for Leave to File First Amended Complaint (Doc. No. 20), Motion for Joinder of Additional Parties (Doc. No. 23), and a Motion to Compel (Doc. No. 24). Defendant Michael Coleman has filed a Motion for Summary Judgment (Document Number 13), to which plaintiff has filed a Response (Doc. No. 17).

In his Complaint, filed pro se, plaintiff alleges that on February 9, 2005, Defendant Michael Coleman, a Sergeant at the Caruthersville Police Department, arrested him in violation of his constitutional rights. Plaintiff argues that Defendant Coleman stopped him without reasonable suspicion or probable cause. Plaintiff claims that Defendant Coleman "engage[d] in racial profiling and harassment" against plaintiff due to plaintiff's filing complaints against him.

**Discussion**

As previously stated, there are several motions pending before the court. The undersigned will address each motion in turn.

**I. Plaintiff's Motion for Appointment of Counsel**

The appointment of counsel in a civil case is governed by 28 U.S.C. § 1915 (d). It is within the district court's sound discretion whether to appoint counsel for those who cannot pay for an attorney under this provision. See In re Lane, 801 F.2d 1040, 1044 (8th Cir. 1986).

In determining whether a person who is indigent should be appointed counsel, the court should ascertain "whether the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1005 (8th Cir. 1984). In addition, the court should consider the factual complexity, the plaintiff's ability to investigate facts, the existence of conflicting testimony, the plaintiff's ability to present her claim, and the complexity of the legal issues. See Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986); Abdullah v. Gunter, 949 F.2d 1032, 1035 (8th Cir. 1991), cert. denied, 112 S. Ct. 1995 (1992).

After consideration of the above factors, the undersigned concludes that it is not necessary that counsel be appointed for plaintiff at this point in the litigation. The undersigned finds that plaintiff has clearly presented his claims against defendants, and that it does not appear that "plaintiff as well as the court will benefit from the assistance of counsel." Thus, plaintiff's motion for appointment of counsel will be denied without prejudice. "Without prejudice" means that plaintiff may later ask for appointment of counsel if he feels it is necessary.

## II. Plaintiff's Motion for Leave to File First Amended Complaint and Motion for Joinder of Additional Parties

On April 20, 2006, plaintiff filed a First Amended Complaint, in which he added Brian Williams, Officer of Caruthersville Police Department, as a party defendant. (Doc. No. 20). Plaintiff does not appear to raise any new allegations against Defendant Coleman. On April 25, 2006, Defendant Coleman filed a Memorandum of Law and Objections of Defendant Michael Coleman's to Plaintiff's Amended Complaint. (Doc. No. 21). Defendant Coleman first argues that plaintiff has not filed a Motion for Joinder of Additional Parties or Amendment of Pleadings as is required by the Case Management Order. Defendant contends that granting plaintiff leave to file his First Amended Complaint would be prejudicial to defendant because he has already filed a Motion for Summary Judgment and has already completed discovery. Defendant thus requests that the court deny plaintiff leave to file his First Amended Complaint. On May 12, 2006, plaintiff filed a Motion for Joinder of Additional Parties, in which he argues that his request to amend his Complaint and to join an additional party is timely under the Case Management Order. (Doc. No. 23).

"[I]t is well settled that leave to amend should be freely given when justice so requires.'" Viehweg v. Mello, 5 F. Supp.2d 752, 756 (E.D. Mo. 1998) (quoting Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 224 (8th Cir. 1994); Fed. R. Civ. P. 15(a)). A party's motion for leave to amend under 15(a) will granted "absent undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party." Paglin v. Saztec Intern., Inc., 834 F. Supp. 1184, 1190 (W.D. Mo.)(quoting Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)). "Delay alone is not a reason in and of itself to deny leave to

amend; the delay must have resulted in unfair prejudice to the party opposing amendment." Roberson v. Hayti Police Department, 241 F.3d 992, 995 (8th Cir. 2001). Finally, plaintiff's motion for leave to amend requires the court to balance "[a]ny prejudice to the nonmovant . . . against the prejudice to the moving party by not allowing the amendment." Bell v. Allstate Life Ins. Co., 160 F.3d 452, 454 (8th Cir. 1998).

The court finds that permitting plaintiff to amend his Complaint to add Brian Williams as a defendant would not be unduly prejudicial to Defendant Coleman. The claims plaintiff wishes to add against Brian Williams are directly related to those set forth in his original Complaint. The court also does not believe that permitting plaintiff to amend his Complaint would prejudice Defendant Coleman by placing on him any undue burden of discovery, as plaintiff does not add an additional claims against Defendant Coleman. Additionally, Defendant Coleman would not be prejudiced by undue delay of the case by the amendment of plaintiff's Complaint because plaintiff's First Amended Complaint was filed within the time limit set forth in the Case Management Order for amendment of pleadings and joinder of additional parties. (Doc. No. 18). Thus, the court will grant plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 20) and Motion for Joinder of Additional Parties (Doc. No. 23).

### III. Defendant's Motion for Summary Judgment

Defendant Michael Coleman filed a Motion for Summary Judgment on February 6, 2006. (Doc. No. 15). Plaintiff has filed a Response. (Doc. No. 17).

The undersigned has granted plaintiff leave to file a First Amended Complaint and to add Brian Williams as a defendant. Defendant's Motion for Summary Judgment was based on plaintiff's original Complaint and does not address the claims against Defendant Brian Williams.

As such, the court will deny Defendant Coleman's Motion for Summary Judgment without prejudice at this time. Defendant may file a Motion for Summary Judgment based upon plaintiff's First Amended Complaint if he finds it necessary.

### IV.    Plaintiff's Motion to Compel

On June 26, 2006, plaintiff filed a Motion to Compel, in which he states that he submitted a first set of Interrogatories and other discovery materials on April 5, 2006, and that defendant has not responded to any of the discovery. Plaintiff thus requests that the court issue an order directing defendant to answer Interrogatories, produce requested documents, and respond to Requests for Admissions. Defendant also requests that the court enter default judgment against defendant. On the same date, Defendant Coleman filed a Response, in which he states that he did respond to plaintiff's Request for Admissions. (Doc. No. 25). Defendant argues that, due to his pending Motion for Summary Judgment, discovery requests should be postponed until the court rules on his motion. Defendant states that, should the court overrule his Motion for Summary Judgment, he will timely respond to plaintiff's Interrogatories and Request for Production of Documents.

The court has denied Defendant Coleman's Motion for Summary Judgment. Thus, Defendant Coleman should respond completely to plaintiff's Interrogatories and Request for Production of Documents at this time. The court will deny plaintiff's Motion to Compel without prejudice. Should defendant fail to timely respond to plaintiff's discovery requests, plaintiff may re-file his Motion to Compel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Motion for Appointment of Counsel (Doc. No. 11) be and it is **denied without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File First Amended Complaint (Doc. No. 20) be and it is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Joinder of Additional Parties (Doc. No. 23) be and it is **granted**.

**IT IS FURTHER ORDERED** that Defendant Michael Coleman's Motion for Summary Judgment (Doc. No. 15) be and it is **denied without prejudice.**

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel (Doc. No. 24) be and it is **denied without prejudice.**

Dated this 19th day of September, 2006.

*/s/ Lewis M. Blanton*
LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE