UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| SAMMY L. CASEY-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 1:05 CV 97 LMB |
| ) | |
| MICHAEL COLEMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the court on the Complaint of Plaintiff Sammy L. Casey-El on his civil rights action pursuant to 42 U.S.C. § 1983 against defendants Michael Coleman, et al. This case has been assigned to the undersigned United States Magistrate Judge pursuant to the Civil Justice Reform Act and is being heard by consent of the parties under 28 U.S.C. § 636 (c). Currently pending before the court is Defendant Michael Coleman's Renewed Motion for Summary Judgment. (Document Number 35). Plaintiff has filed a Response in Opposition to Defendant's Motion for Summary Judgment. (Doc. No. 17).

In his Second Amended Complaint, filed pro se, plaintiff alleges that on February 9, 2005, Defendant Michael Coleman, a Sergeant at the Caruthersville Police Department, arrested him in violation of his constitutional rights. Plaintiff argues that Defendant Coleman stopped him without reasonable suspicion or probable cause in violation of the Fourth Amendment. Plaintiff also claims that Defendant Coleman intentionally discriminated against him in violation of his Fourteenth Amendment right to Equal Protection due to his personal appearance and race.

## Discussion

### A.  Factual Background[1]

Michael Coleman is a police officer with the Caruthersville Police Department, which is located in Pemiscot County, Missouri. On February 9, 2005, at approximately 3:30 a.m., plaintiff was walking on West 7th Street in the City of Caruthersville, Missouri, wearing dark clothes with a hood. Michael Coleman was operating his Caruthersville police patrol car on West 7th Street. Officer Coleman pulled his patrol car up near plaintiff and asked plaintiff to come over to the patrol car. The area where plaintiff was walking had experienced a large number of burglaries and Officer Coleman sought to identify the person walking in the area during the early morning hours.[2] It was the policy of the Caruthersville Police Department to identify persons in areas where crime was prevalent.

As plaintiff came to Officer Coleman's patrol car, he saw Officer Coleman and ran from Officer Coleman.[3] After plaintiff fled from Officer Coleman, Officer Coleman exited his patrol car and chased plaintiff. The chase occurred near the old Pemiscot County Jail building. As plaintiff was running near the old Pemiscot County Jail building, he threw an object on the ground, which was later determined to be a loaded 22 caliber Ruger pistol. Plaintiff was in possession of the

---

[1]The court's recitation of the facts is taken from defendant's "Statement of Undisputed and Assumed Facts," and plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment. The court has noted any disputes as they are set forth in the briefs.

[2]Plaintiff disputes that this was a high-crime area.

[3]Plaintiff disputes this fact, claiming that he did approach the patrol car but ran after a non-police vehicle pulled up behind the patrol car.

pistol. After the object had been thrown by the plaintiff near the old Pemiscot County Jail building, Officer Coleman and other officers were able to apprehend plaintiff.

As a result of the recovery of the 22 caliber Ruger pistol, plaintiff was charged in the United States District Court, Eastern District of Missouri, Southeastern Division, in Case Number 1:05CR00063CAS, with possession of a firearm by a convicted felon. On or about September 13, 2005, in the United States District Court for the Eastern District of Missouri, in the case of United States of America vs. Sammy Casey, plaintiff entered a plea agreement admitting that he was in possession of a 22 caliber Ruger pistol. As part of the Plea Agreement, plaintiff admitted that on February 9, 2005, a Caruthersville City Police Officer attempted to make contact with him on the city street in Caruthersville and that he turned and fled from the officer, the officer gave chase, and that during the chase, plaintiff threw down a 22 caliber pistol, was thereafter apprehended, and the pistol was recovered.

**B.     Standard of Review**

A court may grant summary judgment when no issue of material fact exists and the moving party is entitled to judgment as a matter of law, according to Federal Rule of Civil Procedure 56 (c). A fact is material only when its resolution affects the outcome of the case. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252, 106 S. Ct. at 2512. In deciding a motion for summary judgment, the court must review the facts and all reasonable inferences in a light most favorable to the nonmoving party. See Canada v. Union Elec. Co., 135 F.3d 1211, 1212 (8th Cir. 1997).

In a motion for summary judgment, the movant bears the initial burden of proving the

absence of any genuine issue of material fact that would preclude judgment for the movant. See City of Mt. Pleasant, Iowa v. Associated Elec. Co-op, Inc., 838 F.2d 268, 273 (8th Cir. 1988). Once the movant has met this burden, the non-movant may not rely on mere denials or bare allegations, but must point to specific facts that raise a triable issue. See Anderson, 477 U.S. at 249, 106 S. Ct. at 2510-2511. The non-movant must set forth specific facts, by affidavit or otherwise, sufficient to raise a genuine issue of material fact for trial. See Celotex Corp. v. Citrate, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The Supreme Court has found that "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" Id. at 327, 106 S.Ct. at 2555 (quoting Fed. R. Civ. P. 1).

Plaintiff has brought the instant action pursuant to 42 U.S.C. § 1983, claiming violations of his rights under the Fourth Amendment and Fourteenth Amendment. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . ." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255-56, 101 L.Ed.2d 40 (1988). Thus, to be entitled to relief under 42 U.S.C. § 1983, a plaintiff must show that: (1) a person (2) acting under color of state law (3) subjected the plaintiff or caused the plaintiff to be subjected (4) to the deprivation of a right secured by the Constitution or laws of the United States. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 829, 105 S. Ct. 2427, 2439, 85 L.Ed.2d 791 (1985); Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001).

C.     **Defendant's Motion for Summary Judgment**

In support of his Motion for Summary Judgment, defendant argues that there was no

Fourth Amendment implication in Officer Coleman approaching plaintiff on a street at night in a public area known for criminal activity. Defendant further argues that there was no Fourth Amendment violation in recovering plaintiff's weapon because there was no seizure of it by Officer Coleman. Finally, defendant contends that Officer Coleman is entitled to qualified immunity.

In his Response in Opposition to Defendant's Motion for Summary Judgment, plaintiff argues that Officer Coleman's "Summation of Incident," which is attached to plaintiff's original Complaint, supports his claim that Officer Coleman attempted to make contact with him due to being dressed in dark clothing and walking in the early morning hours. Plaintiff contends that his constitutional rights were violated when Officer Coleman decided to make a contact stop to investigate him for wearing dark clothing because there was no reasonable suspicion or probable cause to justify the initial contact. Plaintiff further argues that Officer Coleman stopped him due to his race. Finally, plaintiff states that he is not complaining about the seizure of the weapon by Officer Coleman.

1.  **Fourth Amendment Claim**

Plaintiff claims that Defendant Coleman stopped him without reasonable suspicion or probable cause in violation of the Fourth Amendment.

The Fourth Amendment prohibits "unreasonable searches and seizures" by the government, and its protections extend to brief investigatory stops of persons or vehicles that fall short of traditional arrest. United States v. Arvizu, 534 U.S. 266, 273, 122 S.Ct. 744, 750, 151 L.Ed.2d 740 (2002) (quoting Terry v. Ohio, 392 U.S. 1, 9, 88 S.Ct. 1868, 1873, 20 L.Ed.2d 889 (1968)). The Fourth Amendment is satisfied if the officer's action is supported by reasonable

suspicion to believe that criminal activity "may be afoot." United States v. Sokolow, 490 U.S. 1, 7, 109 S.Ct. 1581, 1585, 104 L.Ed.2d 1 (1989) (quoting Terry, 392 U.S. at 30, 88 S.Ct. at 1884). The likelihood of criminal activity need not rise to the level required for probable cause, and it falls considerably short of satisfying a preponderance of the evidence standard. Sokolow, 490 U.S. at 7, 109 S.Ct. at 1585. "Obviously, not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." Terry, 392 U.S. at 19 n. 16, 88 S.Ct. at 1879 n. 16.

The undersigned finds that Officer Coleman had reasonable suspicion to believe that plaintiff was engaged in criminal activity to justify an investigatory stop. The event took place at 3:30 a.m., when plaintiff was walking down the street wearing dark clothing. Although plaintiff disputes that it was a high-crime area, Officer Coleman indicated in his response to plaintiff's interrogatories that the area had experienced a large number of burglaries. See Interrogatories to Michael Coleman, ¶ 5. Specifically, Officer Coleman stated that prior to February 2005, the following businesses in the immediate area had been burglarized: Twisters, Pemiscot County Court House, Cingular phone store, and a pawn shop. Id. at ¶ 18. Based on these circumstances, it was reasonable for Officer Coleman to believe that criminal activity "may be afoot." Terry, 392 U.S. at 30, 88 S.Ct. at 1868. As such, no constitutional violation resulted from Officer Coleman's initial attempt to make contact with plaintiff.

Plaintiff admits that he fled on Officer Coleman's second request to come talk to him. Plaintiff claims that he fled because a non-police vehicle pulled up behind Officer Coleman's patrol car. Plaintiff's flight justified Officer Coleman's chasing plaintiff to further investigate

potential criminal activity.  See Illinois v. Wardlow, 528 U.S. 119, 124-25, 120 S.Ct. 673, 676, 145 L.Ed.2d 570 (2000) (defendant's unprovoked flight from officers in area of heavy narcotics trafficking supported reasonable suspicion that defendant was involved in criminal activity and justified stop).  Further, because plaintiff did not submit to Officer Coleman's request to come to the car, a seizure did not occur.  See Cole v. Bone, 993 F.2d 1328, 1332 (8th Cir. 1993) (seizure did not occur until plaintiff, who was being pursued by Missouri State Troopers, was struck by the shot of an officer's revolver).  As such, plaintiff has failed to show that defendant violated his Fourth Amendment rights.  Accordingly, defendant's Motion for Summary Judgment will be granted as to plaintiff's Fourth Amendment claim.

**2.    Equal Protection Claim**

Plaintiff asserts a separate Fourteenth Amendment Equal Protection claim, alleging that Officer Coleman stopped him on account of his race.

"[T]he Constitution prohibits selective enforcement of the law based on considerations such as race.  But the constitutional basis for objecting to intentionally discriminatory application of laws is the Equal Protection Clause, not the Fourth Amendment."  Whren v. United States, 517 U.S. 806, 813, 116 S.Ct. 1769, 1774, 135 L.Ed.2d 89 (1996).  Plaintiff must prove that defendant exercised his discretion to enforce the law on account of his race, which requires proof of both discriminatory effect and discriminatory purpose.  See United States v. Armstrong, 517 U.S. 456, 465, 116 S.Ct. 1480, 1487, 134 L.Ed.2d 687 (1996).  "When the claim is selective enforcement of the traffic laws or a racially-motivated arrest, the plaintiff must normally prove that similarly situated individuals were not stopped or arrested in order to show the requisite discriminatory effect and purpose."  Johnson v. Crooks, 326 F.3d 995, 1000 (8th Cir. 2003).

Here, plaintiff has offered no evidence that Officer Coleman does not stop non-African-Americans under similar circumstances. Plaintiff has alleged no direct evidence of racial discrimination. Rather, plaintiff merely offers his personal opinion that Officer Coleman stopped him due to his race. As the non-moving party, plaintiff must set forth affirmative evidence and specific facts which show that there is a genuine dispute on the issue. See City of Mt. Pleasant, Iowa, 838 F.2d at 273-274. Here, plaintiff makes no such showing on his Equal Protection claim. Thus, defendant's Motion for Summary Judgment will be granted as to plaintiff's Equal Protection claim.

**3.     Qualified Immunity**

Defendant contends that he is entitled to qualified immunity. "Government officials performing discretionary functions are shielded from liability for civil damages in § 1983 actions unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Foulks v. Cole County, Missouri, 991 F.2d 454, 456 (8th Cir. 1993) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982)). The Eighth Circuit has articulated a two-part inquiry in determining whether a defendant's actions, taken within the sphere of official responsibly, are protected by qualified immunity. See Ware v. Morrison, 276 F.3d 385, 387 (8th Cir. 2002). "First we must inquire whether the facts alleged, when taken in the light most favorable to the party asserting the injury, show that the defendant officials violated a constitutional right. If we determine that the plaintiff has shown a violation of a constitutional right, we then must inquire whether the constitutional right was clearly established." Id.

In this case, the court has found that plaintiff has failed to demonstrate a violation of a

constitutional right. Thus, Officer Coleman is entitled to qualified immunity.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Michael Coleman's Renewed Motion for Summary Judgment (Doc. No. 35) be and it is **granted**. A separate Summary Judgment will be entered on this date.

Dated this 1st day of May, 2008.

*Lewis M. Blanton*

LEWIS M. BLANTON
UNITED STATES MAGISTRATE JUDGE